UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| PAMELA J. TOWNSEND | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 1:05-CV-277 |
| | ) | |
| JO ANNE B. BARNHART, | ) | |
| Commissioner of Social Security | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

Plaintiff Pamela Townsend appealed the Administrative Law Judge's unfavorable decision regarding her application for Disability Insurance Benefits. The Plaintiff claims she is entitled to Disability Insurance Benefits because she is disabled due to post-traumatic stress disorder, rheumatoid arthritis, chronic anxiety, depression, fibromyalgia, and an addiction disorder.

This Court referred this matter to Magistrate Judge Cosbey for a report and recommendation on October 30, 2006. Magistrate Judge Cosbey filed his Report and Recommendation on November 28, 2006, recommending that the case be reversed and remanded for further proceedings. The basis for the recommendation was the Magistrate Judge's opinion that the ALJ did not address the Plaintiff's evidence concerning panic attacks, nightmares, and sleepwalking.

The government objected to the Report and Recommendation on December 18, 2006. The government argues that, though the ALJ did not address the Plaintiff's evidence regarding her panic attacks, nightmares, and sleepwalking, substantial evidence supports the ALJ's decision and remand would not change the ALJ's decision.

Because the government has objected to the Magistrate Judge's Recommendation and Report, this Court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1).

The Magistrate's Report and Recommendation is correct that the ALJ did not address the evidence concerning the Plaintiff's panic attacks. The Plaintiff's father testified that the Plaintiff suffered from sleepwalking, night terrors, and panic attacks. (R. 239.)

With regard to the Plaintiff's mental impairments, the ALJ wrote the following:

> The undersigned agrees with the state agency medical consultants that her mental impairments impose mild restrictions in her activities of daily living and social functioning, moderate limitations in her ability to maintain concentration, persistence, and pace, and she has had no episodes of decompensation (Exhibit 8 F). There is nothing in the record to suggest that she is incapable of performing simple unskilled work.

(R. 16.) Exhibit 8F (R. 168) is the state psychiatric review of the Plaintiff. It is not clear whether the review considered the Plaintiff's panic attacks. The ALJ also said nothing about the Plaintiff's father's testimony that the Plaintiff suffered from night terrors and sleepwalking and did not address the extent to which this affected her ability to work.

The government argues that remand would not serve any practical purpose, "because it would be unlikely to change the ALJ's finding." (Gov. Br. 2, DE 16.) The government goes on to cite the evidence supporting the ALJ's determination. The Seventh Circuit has stated that "no principle of administrative law or common sense requires us to remand a case in quest of a perfect opinion unless there is reason to believe that the remand might lead to a different result." *Fisher v. Bowen*, 869 F.2d 1055, 1057 (7th Cir. 1989). It is also true that the ALJ is "not required address every piece of evidence or testimony, but must provide some glimpse into her

2

reasoning." *Dixon v. Massanari*, 270 F.3d 1171, 1176 (7th Cir. 2001).

However, this is not a case where the Court can determine from the record that substantial evidence supports the ALJ's determination. "[T]he ALJ may not ignore an entire line of evidence that is contrary to the ruling, . . . [o]therwise it is impossible for a reviewing court to tell whether the ALJ's decision rests upon substantial evidence." *Golmbiewski v. Barnhart*, 322 F.3d 912, 917 (7th Cir. 2003). Without any reference in the ALJ's opinion to the Plaintiff's panic attacks, sleepwalking, and night terrors testified to by her father, the Court cannot determine whether the ALJ believed the testimony but found that it did not affect the Plaintiff's work abilities, whether the ALJ disbelieved the evidence, or whether the ALJ ignored the evidence. Further elaboration is necessary to allow the Court to make an informed review of the ALJ's decision.

For these reasons, the government's objection to the Magistrate Judge's Report and Recommendation is OVERRULED, and the Court ADOPTS the Report and Recommendation. The Commissioner's decision is REVERSED and the case is REMANDED to the Commissioner for further proceedings in accordance with this Opinion and the Magistrate Judge's Report and Recommendation.

SO ORDERED on May 14, 2007.

    /s/ Thersea L. Springmann  
THERESA L. SPRINGMANN  
UNITED STATES DISTRICT COURT

3