UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| PAMELA J. TOWNSEND, | ) | |
|        Plaintiff, | ) | |
| | ) | |
|        v. | ) | CAUSE NO.: 1:05-CV-277-TS |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| COMMISSIONER OF | ) | |
| SOCIAL SECURITY, | ) | |
|        Defendant. | ) | |

**OPINION AND ORDER**

This matter is before the Court on the Plaintiff's Motion for Award of Attorney Fees Pursuant to the Equal Justice Act 28 U.S.C. § 2412(d), filed on August 13, 2007 (DE 19). The Defendant filed a response on August 28, 2007 (DE 21). For the reasons stated in this opinion, the Plaintiff's motion is DENIED.

**BACKGROUND**

On February 7, 2003, the Plaintiff applied to the Social Security Administration for disability insurance benefits, alleging that she became disabled on May 1, 2002, as a result of post-traumatic stress disorder, rheumatoid arthritis, chronic anxiety, depression, fibromayalgia, and an addiction disorder. That claim was denied on June 26, 2003, and again on reconsideration on December 11, 2003. The Plaintiff then requested and was granted a hearing. The hearing occurred on November 8, 2004, and it included the testimony of the Plaintiff, her father, and a vocational expert. After the hearing, on February 25, 2004, the Administrative Law Judge ("ALJ") concluded that the Plaintiff was not suffering from a "disability," as the term is defined in the Social Security Act, and the ALJ therefore denied her claim for insurance benefits. On April 27, 2005, the Plaintiff filed a request for review of the ALJ's decision. The Appeals

Council denied the request for review on June 10, 2005.

The Plaintiff then sought judicial review of the Defendant's final decision, in which the Plaintiff was denied disability insurance benefits under the Social Security Act (DE 1). The Court referred the matter to Magistrate Judge Cosbey for a report and recommendation on October 30, 2006. Magistrate Judge Cosbey filed his Report and Recommendation on November 28, 2006 (DE 15), recommending that the case be reversed and remanded for further proceedings. The basis for the recommendation was the Magistrate Judge's opinion that the ALJ did not address a portion of the Plaintiff's father's testimony concerning panic attacks, nightmares, and sleepwalking.

The government objected to the Report and Recommendation on December 18, 2006 (DE 16), arguing that although the ALJ did not address the testimony regarding the Plaintiff's panic attacks, nightmares, and sleepwalking, substantial evidence supported the ALJ's decision and remand would not change the ALJ's decision. This Court concluded that "[w]ithout any reference in the ALJ's opinion to the Plaintiff's panic attacks, sleepwalking, and night terrors testified to by her father, the Court cannot determine whether the ALJ believed the testimony but found that it did not affect the Plaintiff's work abilities, whether the ALJ disbelieved the evidence, or whether the ALJ ignored the evidence." (May 17, 2007, Op. & Order at 3; DE 17.) Accordingly, the Court overruled the government's objection to the Magistrate Judge's Report and Recommendation, adopted the Report and Recommendation, and reversed and remanded the case to the Commissioner.

## DISCUSSION

The Plaintiff requests attorney's fees under the Equal Access to Justice Act (EAJA),

arguing that she is entitled to fees because the government's position was not "substantially justified." The Defendant responds to the request by arguing that its position was substantially justified.

The EAJA grants district courts the discretion to award attorney's fees if four elements are established. First, the claimant is a "prevailing party." *Golembiewski v. Barnhart*, 382 F.3d 721, 723 (7th Cir. 2004). Second, the government's position was not substantially justified. *Id.* Third, there are no special circumstances making an award unjust. *Id.* at 723–24. Finally, the fee application is submitted to the Court within thirty days of final judgment and is supported by an itemized statement. *Id.* at 724. The parties are in agreement that only the issue of whether the government's position was substantially justified is in dispute.

### A.     Substantially Justified Standard

"Although there is no presumption that a prevailing party against the government will recover attorney's fees under the EAJA, the government bears the burden of proving that its position meets the substantially justified standard." *United States v. Hallmark Const. Co.*, 200 F.3d 1076, 1079 (7th Cir. 2000) (citations omitted). The government's position was "substantially justified" if it had a reasonable basis both in law and fact. *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). The position must be "justified to a degree that could satisfy a reasonable person." *Id.* at 565. The Commissioner's position must be stronger than merely non-frivolous. *Id.* at 565–66. On the other hand, the Commissioner's position need not have been correct. *Jackson v. Chater*, 94 F.3d 274, 278 (7th Cir. 1996) (quoting *Pierce*, 487 U.S. at 566 n.2). Substantially justified does not mean justified to a "high degree," and the standard of

3

substantially justified is satisfied if there is a "genuine dispute" or "if reasonable people could differ as to the appropriateness of the contested action." *Stein v. Sullivan*, 966 F.2d 317, 320 (7th Cir. 1992).

EAJA fees may be awarded if either the government's prelitigation conduct or its litigation position were not substantially justified. *Cunningham v. Barnhart*, 440 F.3d 862, 863 (7th Cir. 2006). "However, the district court is to make only one determination for the entire civil action." *Marcus v. Shalala*, 17 F.3d 1033, 1036 (7th Cir. 1994). "Thus, fees may be awarded in cases where the government's pre-litigation conduct was not substantially justified even though its litigating position may have been substantially justified and vice versa. In other words, the fact that the government's litigating position was substantially justified does not necessarily offset prelitigation conduct that was without a reasonable basis." *Marcus*, 17 F.3d at 1036. A decision by an ALJ constitutes part of the agency's prelitigation conduct. *Golembiewski*, 382 F.3d at 724 (citing *Sutton v. Chater*, 944 F. Supp. 638, 639 (N.D. Ill. 1996)).

The Seventh Circuit has set forth a three-part standard for reviewing EAJA petitions. *Hallmark Constr. Co.*, 200 F.3d at 1080. The government must show that its position was grounded in: (1) a reasonable basis in truth for the facts alleged; (2) a reasonable basis in law for the theory propounded; and (3) a reasonable connection between the facts alleged and the legal theory propounded. *Id.*; *see also Golembiewski*, 382 F.3d at 724.

**B.     Analysis of Government's Position Throughout the Litigation**

The basis for remand in this case was that the ALJ did not adequately address the Plaintiff's father's testimony that pertained to the Plaintiff's panic attacks, night terrors, and

4

sleepwalking. The Court explained that without any reference to this evidence in the ALJ's opinion, "the Court cannot determine whether the ALJ believed the testimony but found that it did not affect the Plaintiff's work abilities, whether the ALJ disbelieved the evidence, or whether the ALJ ignored the evidence." (May 17, 2007, Op. & Order at 3; DE 17.) The Plaintiff argues that because the ALJ's articulation fell beneath the minimal level required, the government's position necessarily is not substantially justified. The analysis is not so simple.

The Plaintiff is correct that the ALJ should not have ignored a line of evidence. If the question were that narrow the Plaintiff would prevail, but the question is broader. The Court must evaluate the government's prelitigation and litigation behavior in its entirety.

The Plaintiff cites only one case in its memorandum in support of its motion. That case, *Carlson v. Shalal*, 999 F.2d 180 (7th Cir. 1993) (per curiam), did not deal at all with the issue of attorney's fees under the EAJA. In fact, that case held that even though an ALJ's opinion did not discuss some of the testimony in the case, the ALJ provided sufficient reasons to support the denial of benefits. *Carlson* was not concerned with attorney's fees, *Carlson* dealt with the minimum level of articulation required.

This case is different than *Carlson*, to the Plaintiff's benefit, in that in *Carlson* the ALJ merely failed to discuss some cumulative testimony. *Id.* at 181. The ALJ did not "ignore an entire line of evidence," as the ALJ in this case did, which *Carlson* holds falls "below the minimal level of articulation required." *Id.* (citing *Zblewski v. Schweiker*, 732 F.2d 75, 79 (7th Cir. 1984)). The Plaintiff errs, however, in assuming that because the ALJ's opinion fell beneath the articulation requirement, the Plaintiff is entitled to an award of attorney's fees.

The ALJ's failure to adequately articulate the reasons for a benefits decision by itself

5

does not automatically require a finding that the ALJ's overall position was not substantially justified. *Stein v. Sullivan*, 966 F.2d 317, 320 (7th Cir. 1992) ("That the ALJ failed to meet this articulation requirement in no way necessitates a finding that the Secretary's position was not substantially justified."). This is because "the level of articulation required is far from precise . . . [and] [t]he requirement that the ALJ articulate his consideration of the evidence is deliberately flexible." *Id.* at 319. The Court did not find that the ALJ's decision did not rest upon substantial evidence. The Court merely found that the opinion was not sufficiently developed for this Court to evaluate whether the ALJ's decision was supported by substantial evidence. Also, the Court did not find fault in the ALJ's evaluation of the remainder of the evidence in the case. Similarly, at a minimum, reasonable people could disagree over the merits of the government's previous argument to this Court that remand was unnecessary because it was unlikely to impact the ALJ's determination since, the government believed, the additional testimony contradicted itself and the evidence that had already been considered was overwhelming.

This Court must make one determination of whether the government has proceeded with substantial justification throughout the entire civil action. *Marcus*, 17 F.3d at 1036. The ALJ's opinion did not adequately articulate its consideration of the evidence related to panic attacks, sleepwalking, and night terrors testified to by the Plaintiff's father. This was a mistake, and remand was necessary. This mistake does not by itself render the government's position throughout the litigation not substantially justified. There has been no showing that the government's position has otherwise lacked a reasonable basis in truth for the facts alleged, a reasonable basis in law for the theory propounded, and a reasonable connection between the facts alleged and the legal theory propounded. *Hallmark Constr. Co.*, 200 F.3d at 1080.

It is useful to contrast this case with a case where it was appropriate to award attorney's fees under the EAJA. In *Golembiewski v. Barnhart*, the ALJ improperly discredited the petitioner's testimony without explaining the reasons for rejecting the testimony, mischaracterized the evidence, and failed to consider "an entire constellation of ailments" affecting the petitioner after finding that one or more of the ailments was severe. 382 F.3d 721, 723 (7th Cir. 2004). Here, the ALJ merely failed to discuss the father's testimony that pertained to panic attacks, sleepwalking, and night terrors. This is much different from the many mistakes of the *Golembiewski* ALJ.

This case is more like *Cunningham v. Barnhart*, 440 F.3d 862 (7th Cir. 2006). In *Cunningham* the petitioner's application for disability benefits with the Social Security Administration was denied. The ALJ found that the petitioner's allegations of pain and related job limitations were not credible, and the ALJ discounted the supporting opinions of the petitioner's treating physician because they relied too much on the petitioner's subjective reports of symptoms and limitations and because the physician's opinions were out of proportion with other medical evidence. Because the ALJ did not adequately describe the medical evidence that led to the ALJ's conclusions, and because the ALJ did not properly assess Cunningham's credibility, "[t]he court remanded for 'further articulation of the analysis.'" *Cunningham*, 440 F.3d at 863. The district court and the Seventh Circuit concluded that in such a case "the Commissioner's position was substantially justified, even though the ALJ was not as thorough in his analysis as he could have been." *Id.* at 865. Because the government's position was substantially justified, attorney's fees were not awarded.

Admittedly, this case is not exactly like *Cunningham* either, although it is closer to

7

*Cunningham* than *Golembiewski*. In *Cunningham* the ALJ did not "completely ignore[] evidence," *id.* at 864, whereas the ALJ in this case did fail to discuss a line of evidence. Yet, that alone is not enough to compel the same result as *Golembiewski*. This case and *Golembiewski* are distinguishable in the same manner as the Seventh Circuit distinguished *Cunningham* and *Golembiewski*: "In short, the ALJ's decision in *Golembiewski* contained several significant flaws that are not present in [the pending] case. The situation in *Golembiewski* is too far removed . . . to lead to the same result." *Id.* at 864. As such, the Court finds that the government's position was substantially justified.

It is worth emphasizing that the Court is not finding, at this juncture, that the ALJ's conclusions are supported by substantial evidence. The purpose of the remand is precisely to develop a better record so that the Court can better evaluate that question. The Court is merely finding that the government's position is substantially justified under the EAJA such that an award of attorney's fees would be inappropriate.

## ORDER

For the reasons stated in this opinion, the Plaintiff's Motion for Award of Attorney Fees (DE 19) is DENIED.

SO ORDERED on November 8, 2007.

 s/ Theresa L. Springmann  
THERESA L. SPRINGMANN  
UNITED STATES DISTRICT COURT

8